**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

| | | |
|---|---|---|
| JEROME GREENE, | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CV 126-194 |
| | * | |
| JAMES SPANN, Warden, | * | |
| | * | |
| Respondent. | * | |

**O R D E R**

Petitioner, an inmate at Ware State Prison in Waycross, Georgia, brings the above-captioned case pursuant to 28 U.S.C. § 2254. Upon initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition is **DISMISSED WITHOUT PREJUDICE** (doc. 1), Petitioner's motion to stay this case and hold it in abeyance pending exhaustion is **DENIED** (id. at 16-17), and this civil action is **CLOSED**.

**I. BACKGROUND**

On May 17, 2013, Petitioner was convicted in the Superior Court of Richmond County of armed robbery, aggravated assault, possession of a firearm during the commission of a crime, and criminal attempt to commit armed robbery. (Id. at 1-2); see also Richmond County Superior Court Clerk Web Docket, available at https://cocaugustaga.com/mainpage.aspx (follow "Criminal Search"

hyperlink; then search for Case #2011RCCR01376, select "Greene, Jerome," last visited Oct. 23, 2026); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings). On May 17, 2013, the trial court sentenced Petitioner to twenty-five years to serve and 5 years of probation. (Doc. 1, at 1-2.) Following sentencing, Petitioner filed several motions for new trial, which the trial court ultimately denied on August 12, 2014. See Richmond County Superior Court Clerk Web Docket. On August 21, 2014, Petitioner filed an appeal to the Georgia Court of Appeals, which affirmed his conviction on June 26, 2015. (Id.; doc. 1, at 2); see also Court of Appeals of the State of Georgia Docket Search, available at https://www.gaappeals.gov/docket-search/, (use "Docket Search"; then search for A15A0333, last visited October 23, 2026).

On August 1, 2022, Petitioner filed a petition for state habeas corpus relief in the Superior Court of Ware County. (See doc. 1, at 3); see also Ware County Superior Court Docket, available at https://peachcourt.com, (use "Case Search"; select "Ware County;" then search for SUV2022000411, last visited October 23, 2026), Ex. A attached. That habeas petition was dismissed as untimely on March 6, 2023. (Doc. 1, at 3.) Petitioner then stated he filed a second habeas petition in the Superior Court of Ware

County on January 9, 2026. (See doc. 1, at 3; see also Ware County Superior Court Docket, available at https://peachcourt.com, (use "Case Search"; select "Ware County;" then search for SUV2026000110, last visited Oct. 23, 2026), Ex. B attached (noting a filing date of February 27, 2026). That court again dismissed the petition as untimely. (Doc. 1, at 3.) A review of the Supreme Court of Georgia docket indicates that Petitioner filed a Certificate of Probable Cause to Appeal to the Supreme Court of Georgia on August 22, 2026, which remains pending. Supreme Court of Georgia Web Docket, available at https://www.gasupreme.us/docket-search/ (search for case number S27H0131, last visited Oct. 23, 2026). Petitioner executed the instant federal habeas corpus petition on September 8, 2026, in which he concedes that his certificate of probable cause was filed with the Supreme Court of Georgia at or near the time he filed his federal petition. (Doc. 1, at 3, 10.)

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28

U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v.

Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

**B. Petitioner Failed to Exhaust State Remedies**

Petitioner concedes that he currently has a pending application for certificate of probable cause to appeal before the Georgia Supreme Court. (Doc. 1, at 3.) Thus, his state habeas case remains pending, and it is improper to attempt to circumvent the state courts in favor of moving directly to the federal courts. Generally, as a matter of comity, the state courts must be afforded

a fair opportunity to hear claims raised in a habeas corpus petition challenging his sentence or modifications to that sentence, resulting from a state court judgment. Picard v. Connor, 404 U.S. 270, 275 (1971). However, "[c]omity does not require that the federal courts decline to exercise jurisdiction in the face of allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim." St. Jules v. Beto, 462 F.2d 1365, 1366 (5th Cir. 1972).[1]

In this regard, "[a] federal habeas petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief." Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling that an inordinate delay can, under certain circumstances, excuse exhaustion). However, the Court must be mindful that "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central

---

[1] Under Bonner v. City of Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

process, not just a preliminary step for a later federal habeas proceeding." Id.

Here, there is no indication of unreasonable delay or refusal to address a claim such that this Court should disregard the exhaustion requirement. Petitioner has not alleged or offered any evidence of undue delay in his state proceedings. Allowing Petitioner to simultaneously pursue writs in both state court and federal court would clearly violate principles of comity. See Horowitz v. Wainwright, 709 F.2d 1403, 1404 (11th Cir. 1983) (dismissing a § 2254 petition where the petitioner had appeal regarding the same claim ongoing in a Florida state court).

As Petitioner has not exhausted his state court remedies, his federal habeas corpus petition should be dismissed without prejudice so he can first give the state courts "one full opportunity" to address his claims.

**C. The Court Declines to Stay This Case**

Petitioner also seeks to invoke the stay-and-abeyance procedure contemplated by the Supreme Court in Rhines v. Webber, 544 U.S. 269 (2005). (Doc. 1, at 16-17.) That procedure applies only to "mixed" petitions containing exhausted and unexhausted claims. Rhines, 544 U.S. at 271. It is unclear that Petitioner's claim is a "mixed" petition. Petitioner provides no detail on the claims raised in his 2022 state habeas petition (doc. 1, at 3),

and it appears that all but one of the grounds raised in his current federal petition were raised in the 2026 state habeas and, therefore, remain pending before the Georgia Supreme Court. The sole exception is Ground Seven in which Petitioner alleges a claim of ineffective assistance of counsel related to failure to object to the use of a co-indictee's guilty-plea proffer at trial. (Doc. 1, at 8.) He states this claim was raised on direct appeal, but not in his state habeas petition. (Id.) Therefore, the claim may be exhausted.[2]

However, even if the petition is "mixed," Petitioner is not entitled to the stay and abeyance procedure. Generally, if a petitioner files a "mixed" petition, including both exhausted and unexhausted claims, and the petitioner declines an opportunity to amend the petition to remove the unexhausted claims, the petition should be dismissed without prejudice, allowing the petitioner to either exhaust state remedies or file a new petition with only exhausted claims. Isaac v. Augusta State Medical Prison Warden, 470 F. App'x 816, 818-19 (11th Cir. 2012) (*per curiam*) (citing

[2] It is unclear that even this claim is exhausted because Petitioner did not assert he appealed the Georgia Court of Appeal's decision to the Georgia Supreme Court. Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010) ("Thus, in order to exhaust state remedies, a petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.") see also Castille v. Peoples, 489 U.S. 346, 351 (1989).

Rose, 455 U.S. at 519-20). However, petitioners with mixed petitions run the risk of losing their opportunity for any federal review of their claims because a petitioner cannot control when district courts will resolve the exhaustion question, rendering numerous petitions time-barred when re-filed in federal court. Rhines, 544 U.S. at 275. AEDPA contains a one-year statute of limitations for federal habeas corpus petitions in 28 U.S.C. § 2244(d)(1) that is tolled while a "properly filed application for state post-conviction or other collateral review" is pending but is not tolled while a federal petition is pending. Duncan v. Walker, 533 U.S. 167, 181-82 (2001); see also Thomas v. Sec'y, Dep't of Corr., No. 15-14906-E, 2017 WL 5070228, at *2 n.1 (11th Cir. July 26, 2017).

Because of this concern with AEDPA's one-year limitations period, a court may stay the case and hold the petition in abeyance to allow the petitioner to return to the state court to exhaust his remedies as to the unexhausted claims. Rhines, 544 U.S. at 277-78; see also Isaac, 470 F. App'x at 819 (citing Rhines). A stay and abeyance is only permitted when (1) there is good cause for the petitioner's failure to exhaust his claims first in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication the petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 277-78; Isaac,

470 F. App'x at 819. If these conditions are satisfied, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Rhines, 544 U.S. at 278. The stay and abeyance procedure is limited to these extraordinary circumstances because of the potential to (1) frustrate "AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings"; and (2) undermine "AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." Id. at 277.

Under Rhines, the first consideration is whether dismissal without prejudice will risk any subsequently filed federal petition being time-barred, causing Petitioner to be unable to obtain federal relief. Id. at 275. Pursuant to AEDPA, 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 petitions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012) (explaining judgment for petitioners who do not seek certiorari from United States Supreme Court becomes final at "'expiration of the time for seeking such review' - when the time for pursuing direct review in this Court, or in state court, expires"); Stubbs v. Hall, 840 S.E.2d 407, 412 (Ga. 2020) (interpreting Georgia habeas corpus law in accordance with Gonzalez, *supra*, to conclude judgment of conviction is final when Supreme Court affirms conviction on merits or denies certiorari, "or when the time for pursuing the next step in the direct appellate review process expires without that step having been taken").

Petitioner was sentenced after a jury trial in 2013. (Doc. 1, at 1.) He filed a direct appeal which affirmed his conviction

on June 26, 2015. (Id. at 2.) For a Georgia defendant who has his conviction affirmed on direct appeal by the Court of Appeals but does not petition for certiorari to the Georgia Supreme Court, the conviction becomes final when the twenty days to petition for certiorari expires without filing such a petition. See Stubbs, 840 S.E.2d at 413 (citing Ga. Sup. Ct. R. 38(2)). This is so because the United States Supreme Court does not allow filing for a writ of certiorari unless a judgment "has been entered by a state court of last resort." Id. (citing U.S. Sup. Ct. R. 13.1) (internal quotations omitted). As Petitioner did not seek a writ of certiorari from Georgia's Supreme Court, his convictions became final on July 16, 2015, twenty days after the Court of Appeals affirmed his conviction.

Petitioner then had one year from the date his conviction became final to file his federal habeas corpus petition or take other action to toll the one-year limitations period. The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006).

Here, based on the date his sentence became final, Petitioner had until July 10, 2016, to file his federal habeas corpus petition

or take other action to toll the limitations period. However, Petitioner did not attempt to obtain post-conviction relief until he filed his state habeas petition on August 1, 2022, which is 2573 days *after* the AEDPA limitations period expired. His 2026 petition was even later. Therefore, the one-year limitations period for filing a federal petition had already expired by the time Petitioner filed for collateral relief in the state courts in 2022, meaning that no time remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)).

AEDPA describes three situations which may delay or reset its one-year statute of limitations: (1) a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) the State has created some "impediment" to filing the application; or (3) the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) - (D) (quoted *supra*). There is nothing in Petitioner's filing which implicates any of these exceptions. The closest argument is that the absence of his sentencing transcript was newly discovered (doc. 1, at 16),

but Petitioner provides no explanation for why he could not have discovered the transcript's absence in the years preceding his habeas petitions. Moreover, Petitioner acknowledges that "the missing transcript does not automatically establish constitutional error." (Id. at 13.)

Even if a later petition would be time-barred, after examining the first factor set forth in Rhines, the Court finds a stay and abeyance is not appropriate because Petitioner has not demonstrated "good cause" for failing to exhaust the claims in state court. 544 U.S. at 277-78. The Supreme Court and the Eleventh Circuit have not specifically defined what constitutes "good cause" under Rhines. Schwindler v. Holt, CV 416-189, 2018 WL 2091364, at *2 (S.D. Ga. Mar. 27, 2018), adopted by 2018 WL 2087248 (S.D. Ga. May 4, 2018). However, courts within the Eleventh Circuit have defined good cause liberally, finding good cause existed where an external "objective factor" not attributable to a petitioner caused his failure to exhaust, and where a *pro se* petitioner had reasonable confusion over the legal nuances of an ineffective assistance of trial counsel claim. See id.; Daly v. Jones, No. 3:15CV189/MCR/EMT, 2016 WL 3247614, at *3 (N.D. Fla. May 12, 2016), *adopted by* 2016 WL 3248385 (N.D. Fla. June 13, 2016); Cueto v. McNeil, No. 08-22655-CIV, 2010 WL 1258065, at *13 (S.D. Fla. Mar. 12, 2010), *adopted by* 2010 WL 1258088 (S.D.

Fla. Mar. 30, 2010). Another district court within the Eleventh Circuit has concluded a petitioner did not establish "good cause" where he failed to provide any "legitimate reason" for his delay in raising the unexhausted claims. Henry v. McDonough, No. 07-61281-CIV, 2009 WL 762219, at *3 (S.D. Fla. Mar. 19, 2009). As discussed above, Petitioner does not explain his failure to raise his claims, nor does he attribute these claims to ineffective assistance of appellate counsel.

Because Petitioner is not entitled to a stay and abeyance, the Court must determine if dismissal of the "entire petition would unreasonably impair the petitioner's right to obtain federal relief." Isaac, 470 F. App'x at 819. Petitioner acknowledges that his state court filings may be denied as untimely, and indeed explicitly acknowledges that the AEDPA clock ran on his claims years ago. (Doc. 1, at 14-17.) Accordingly, any concerns about the AEDPA clock not being tolled are not present. Indeed, it is likely that his sole potentially exhausted claim is time-barred.

A further structural reason also counsels dismissal of the Petition as unexhausted rather than ascertaining whether Petitioner should proceed only on his arguably exhausted claim. Petitioner may not simultaneously collaterally challenge the same convictions in state and federal court. The Supreme Court has frequently observed that "state courts are the principal forum for

asserting constitutional challenges to state convictions." Harrington, 562 U.S. at 103. The Eleventh Circuit recognized in Horowitz that "[t]he principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing the petitioners to simultaneously," challenge a state conviction in state and federal courts. 709 F.2d at 1404. The court explained in a footnote that it would not resolve the disputed issues of exhaustion "since petitioners have in fact filed collateral attacks under," state law. Id. at 1404 n. 2.

Thus, courts have recognized permitting a petitioner to pursue a federal petition, even limited to exhausted claims, "would offend the principles of comity . . . while his state habeas petition is still pending in the state courts." Rivers v. Beasley, CIVIL ACTION NO. 1:23-CV-1964-MLB-JSA, 2024 WL 6085710, at *3 (N.D. Ga. Jan. 9, 2024). Moreover, as another court in this Circuit has noted, the outcome of the state petition might render any decision by the federal court moot and waste judicial resources. See Hall v. Sec'y, Fla. Dept. of Corrs., Case No: 6:17-cv-762-Orl-37GJK, 2017 WL 2172189, at *2 (M.D. Fla. May 17, 2017) ("[T]he pending state proceedings might result in the reversal of Petitioner's conviction and / or sentence and eliminate the federal question, thereby rendering any decision by this Court moot and wasting precious judicial resources."). Thus, permitting Petitioner to

simultaneously pursue federal and state habeas relief, even assuming that the exhaustion issues could be addressed, would be improper. Petitioner's motion to stay this case and hold it in abeyance is **DENIED**. (Doc. 1, at 16-17.)

**III. CONCLUSION**

For the reasons set forth above, the petition is **DISMISSED WITHOUT PREJUDICE** (doc. 1), Petitioner's motion to stay this case and hold it in abeyance pending exhaustion is **DENIED** (doc. 1, at 16-17), and this civil action is **CLOSED**. Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth above, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[3] Moreover, because

[3] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

**ORDER ENTERED** at Augusta, Georgia, this 26th day of October, 2026.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA